UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04211-WLH-DMK | Date | August 12, 2026 |
| Title | ***Josue Negrin Martinez v. Fereti Semaia et al*** | | |

Present: The Honorable WESLEY L. HSU, United States District Judge

| | |
|---|---|
| Claudia Garcia-Marquez | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings: (IN CHAMBERS) ORDER RE EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE [19] AND SUPPLEMENT TO PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE [22]**

The Court is in receipt of Petitioner's *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Application"), (Application, Dkt. No. 19), and Supplement to Petitioner's *Ex Parte* Application or Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Supplement"), (Supplement, Dkt. No. 22). For the reasons stated herein, the Application and Supplement are **GRANTED** without prejudice.

On August 10, 2026, Petitioner filed this Application requesting the Court enjoin Respondents from removing Petitioner from the United States and from transferring him outside this District while his Petition for Writ of Habeas Corpus ("Petition") is pending. Petitioner also requests the Court issue an order to show cause why a preliminary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

injunction should not be issued. On that same day, the Court ordered Respondents to respond to the Petition. (Order, Dkt. No. 21).

On August 11, 2026, Petitioner filed the Supplement stating that "the BIA acknowledged receipt of Petitioner's Notice of Appeal from the Immigration Judge's July 2, 2026, decision ordering Mr. Negrin Martinez's removal." (Supplement at 2). Petitioner requests that "the temporary stay issued by the Court on August 11, 2026[,] remain in place until the Petition is resolved." On August 12, 2026, Respondents filed an Opposition and argued that "a continued stay is unnecessary and contrary to the directives of paragraph 6 of General Order 26-05." (Opp'n at 2). The Court disagrees.

General Order 26-05 states that: "During the pendency of these proceedings, Respondent shall provide at least two court days' notice to the petitioner, petitioner's counsel, and the Court of its intent to remove the petitioner from the Central District of California." (General Order 26-05 at 2, Dkt. No. 8). A stay is not contrary to this paragraph.[1] The paragraph requires two-days notice to both a petitioner and the Court, but it does not in any way prohibit a petitioner from seeking an order upon receipt of this notice.

Furthermore, in this case, while Respondents have notified Petitioner of their intent to remove Petitioner, (Application at 4; *see also* Declaration of Poonam G. Kumar ("Kumar Decl.") ¶ 5), Respondents have yet to notify the Court of its intent to remove Petitioner, and therefore Respondents have failed to comply with General Order 26-05 to date. Additionally, to preserve the Court's jurisdiction pending a ruling in this matter, it is **ORDERED** that Petitioner shall not be transferred outside the Central District of

[1] The Court notes that the Notice of Removal served upon Petitioner makes it sound as if they are removing Petitioner pursuant to the General Order. The Court finds the language used in the Notice in this regard at best inaccurate and at worst intentionally misleading.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

California pending resolution of the Petition. Accordingly, the Application and Supplement are **GRANTED**. The Court **ORDERS** Respondents to show cause, in writing, why a preliminary injunction should not be issued by August 19, 2026. Petitioner may file a response no later than August 20, 2026. The preliminary injunction hearing is set for August 25, 2026 at 1:00 p.m.

**IT IS SO ORDERED.**